UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-00842-A |
| | ) | |
| **DEVANTE JOHNSON** | ) | |

## AFFIDAVIT IN RESPONSE TO CLIENT'S CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

State of Texas }
County of McLennan }

BEFORE ME, the undersigned authority, on this date personally appeared the undersigned affiant, who swore on oath that the following facts are true:

1. My name is John Kuchera. I am over 21 years of age, of sound mind, capable of making this affidavit, and fully competent to testify of the matters stated herein. I have personal knowledge of each of the matters stated herein.

2. I was appointed by the federal district court for the Eastern District of Texas to represent Devante Lee Johnson in his appeal of his conviction and sentence in Case No. 6:17-cr-00072(4).

3. This affidavit is a response to Mr. Johnson's allegations in his 28 U.S.C. § 2255 Motion to Vacate that I (1) failed to communicate with him regarding his direct appeal, (2) failed to permit him to participate in his appeal, and (3) failed to raise stronger appellate issues.

1

4. On February 27, 2019, I received the briefing notice from the Fifth Circuit. On that date I sent Mr. Johnson a letter wherein I stated (among other things): "If there are specific issues that you believe need to be addressed, let me know and I will consider them." (See Exhibit A).

5. The February 27th letter was returned to me in late March of 2019 with a notation "inmate no longer at facility." (See Exhibit B).

6. I was unable to determine Mr. Johnson's location on the federal Bureau of Prisons website. I was also not able to determine his location by looking on the Texas Department of Criminal Justice website. Finally, on April 9, 2019, I called the U.S. Marshals Service for the Eastern District of Texas and was given Mr. Johnson's location. On that date, I resent the February 27th letter. (See Exhibit C).

7. On April 15, 2019, I mailed copies of the principal appellate brief and record excerpts to Mr. Johnson. (See Exhibit D).

8. Shortly thereafter I received a letter from Mr. Johnson wherein he set forth the issues he believed needed to be addressed. (See Exhibit E).

9. On April 22, 2019, I responded to Mr. Johnson's letter, advising that I would be willing to file a supplemental brief if I could be convinced that I had missed a potentially meritorious issue. I went on to address the issues Mr. Johnson had raised in his letter. (See Exhibit (F).

10. The remainder of the correspondence between Mr. Johnson and myself is set forth in chronological order. I responded to each of his arguments and requests. Mr. Johnson sent me a total of seven letters. I sent him a total of ten letters. (See Exhibit G).

John A. Kuchera, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on the $\underline{30^{\text{th}}}$ day of
$\mathcal{N}$_____, 2020, to certify which witness my hand and official seal.

Notary Public in and for the
State of Texas

# Exhibit A

**Attorney at Law**

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

February 27, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
Fannin County Jail
2389 Silo Road
Bonham, TX 75418

> Re:   U.S.A. v. Johnson
>        6:17-cr-00072 (4)
>        Appeal No. 18-41111

Mr. Johnson,

I have been appointed to represent you on appeal.

I have requested the Record.   I will be composing a brief, stating the factual and legal bases for errors I find.  You will receive a copy.  The Government will then file a response brief. I usually (not always) file a reply brief to the Government's brief.  The Fifth Circuit then issues its ruling.

If there are specific issues that you believe need to be addressed, let me know and I will consider them.

If there will people calling me that you want me to talk to about your case, please write me and give me their names.  Otherwise, I am not allowed to give out information.

Lastly, I need for you to keep me informed as to your location.

Sincerely,

John A. Kuchera

# Exhibit B

John A. Kuchera
Attorney at Law
210 N. 6th St.
Waco, TX 76701

NEOPOST
02/27/2019
US POSTAGE $000.50⁰
ZIP 76701
041L10424653

FIRST-CLASS MAIL

N TEXAS
DALLAS 750
27 FE
PM 1

RTS

Mr. Devante Lee Johnson
Reg. No. 07613-078
Fannin County
2389 Silo Road
Bonham, TX 75

INMATE NO LONGER AT
FACILITY

NIXIE      750    FE  1        0001/27/19

NOT DELIVERABLE AS ADDRESSED
RETURN TO SENDER
UNABLE TO FORWARD

RC: 76701171310    *1032-04871-27-44

# Exhibit C

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

April 9, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
Joe Corley Detention Facility
500 Hillbig
Conroe, Texas 77301

      Re:    U.S.A. v. Johnson
             6:17-cr-00072 (4)
             Appeal No. 18-41111

Mr. Johnson,

      I have been appointed to represent you on appeal.

      I have requested the Record.   I will be composing a brief, stating the factual and legal bases for errors I find.  You will receive a copy.  The Government will then file a response brief. I usually (not always) file a reply brief to the Government's brief.  The Fifth Circuit then issues its ruling.

      If there are specific issues that you believe need to be addressed, let me know and I will consider them.

      If there will people calling me that you want me to talk to about your case, please write me and give me their names.  Otherwise, I am not allowed to give out information.

      Lastly, I need for you to keep me informed as to your location.

                               Sincerely,

                               John A. Kuchera

# Exhibit D

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

April 15, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
Joe Corley Detention Facility
500 Hillbig
Conroe, Texas 77301

      Re:    U.S.A. v. Johnson
             6:17-cr-00072 (4)
             Appeal No. 18-41111

Mr. Johnson,

      Enclosed are copies of the brief and record excerpts I have filed on your behalf.  The next step will be for the government to file its brief.  I will send you a copy.

                  Sincerely,

                  John Kuchera

# Exhibit E

Devante Johnson #21613078
00 Hilbig Rd.
Onroe, Tx 77301

John A. Kuchera
Attorney at Law
210 N. 6th St.
Waco, Tx 76701

NORTH HOUSTON TX 77
THIS LEGAL MAIL HAS
NOT BEEN INSPECTED

FOREVER   US

4-14-2019

Dear Mr. John Kuchera,

I'm writing to respond to your letter you sent to me. If possible I would like to explain these issue's in person to give you a better understanding of the issues with my Case and Sentencing process. First off the people that will be contacting you about my case will be my mother Edra Johnson # 903-221-3596 my father Richard Vandzant # 903-216-0298 my Sister Whitney Johnson # 903-393-8845 and my children's mother Baylee Castleberry and her mother Sandi Smith # 903-393-5284 and my other childs mother ⊘ Brittany Black # 903-330-8237. I will also have someone fax documents and other things concerning my Case and the process prior to my Sentencing I spoke with an attorney named Clay Thomas who explained to me that I Should've never been forced to plea guilty while I was on Suicide watch also me being charged with a firearm that was never conviscated from me and unknown to the government that isn't a real gun I did not recieve proper Counsel assistance and alot of more things as I said their are alot of things that I hope to explain to you in person for better understanding and will have documents from my Case Sent to you as soon as possible to help you with

my appeal process I hope these things are
beneficial to you as I think they are. here
are some of the errors I feel should be
awarded to me.

File motion under 28 U.S.C. § 2255 in the 5th
Circuit Appeal Court Motion to Vacate, Set
Aside, or Correct Sentence by person in
Federal Sentencing.

Claims for relief
1. Ineffective Assistance of Counsel
2. Failure To argue minor role
3. double Calculated Concurrent State convictions
   to increase Criminal History Points.
4. Denied Defendant to withdraw guilty plea
and ~~XXXX~~ pysche Evaluation.
5. Persuant to 18.U.S.C.3 3553(c) Eplaining A
policy disagreement with methamphetamine
guidelines, United States V. Harry, 2017 U.S
Dist. Lexis 125061 (N.D. Iowa, Aug. 8, 2017)
United States V. Nawanna? (Tyson Scott Nawanna).
• Motion for downward Variance
• United States V. Hayes, 948 F. Supp. 2d 1009
~~XXXX~~ (N.D. Iowa 2013) I will also get
copies of these Sent to you also thank
you for your Consideration and may God
bless you.                    Sincerely
                              Devanté Johnson

I forgot to mention that one of the deals
I was held accountable for with my brother
who is a co-defendant on this case with me
wrote a letter stating I had no knowledge of
the deal and did not profit anything from
it which the confidential Informant lied and
said I did one of my preveasse attorney's
told me that if my brother put in his writing
that I had no knowledge of the deal and
did not profit anything from the deal it
would help me get the count dismissed
which I had my brother do and he stated
he takes full responsibility for the deal
and would do whatever he needed to
do to keep me from being prosecuted for
the offense as I have said I would like
to talk to you and explain all these things
better to have a better understanding so if
you will please hold off on filing your
brief with the appeals court please
So we dont miss anything or leave anything
out of your motion that needs to be done
and brought up on my appeal thank you
again and God bless you.

# Exhibit F

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

April 22, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
Joe Corley Detention Facility
500 Hillbig
Conroe, Texas 77301

>       Re:    U.S.A. v. Johnson
>              6:17-cr-00072 (4)
>              Appeal No. 18-41111

Mr. Johnson,

I am in receipt of your April 14th letter. I also spoke with Brittany Black last week about your concern that your appellate brief had been filed with the Fifth Circuit before I had gotten your letter asking me to hold off filing the brief. I can understand your concern. Here's what happened. I initially mailed you a letter on February 27th to the Fannin County Jail. I eventually received it back with a notation "return to sender." I tried to locate you but was unable. Your location did not appear on the federal Bureau of Prisons website; nor did it appear on the TDCJ inmate locator website. Finally, on April 9th, I called the U.S. Marshals Service for the Eastern District of Texas. They gave me the number of the U.S. Marshals Service for the Southern District and that is where I finally found out your location.

I am certainly willing to file a supplemental brief on your behalf if I can be convinced that I've missed a possible meritorious argument. I have reviewed the claims for relief you cited in your letter. Most of them have to do with ineffective assistance of counsel. In a direct appeal, which is where you are right now, I can only argue from what is in the record. The record is (1) the documents that were filed with the district clerk, (2) transcripts of proceedings in open court, and (3) your PSR. It is clear from the record that you were not happy with your first two lawyers. On each occasion, the court appointed you a different lawyer. At your sentencing (copy enclosed), you withdrew your second motion to withdraw your guilty plea (wherein you complained about your third attorney). Thus, the record as it presently stands does not support an ineffective assistance argument. Most ineffective assistance claims are made in 2255 motions. You of course still have that option. I would not be able to assist you with it.

1

In your claims for relief, you mention that you were denied a psychological evaluation. Being on suicide watch does not require a district court to order an evaluation. Even a suicide attempt, by itself, does not require a court to order an evaluation. You also mention a motion for downward variance. You received a downward variance, although it was a small one. Your advisory sentencing range was 188-235 months and the court sentenced you to 180 months. You mention "double-counting" your criminal history points because the sentences on your prior convictions were concurrent. So long as each act of offense conduct was separated by an intervening arrest, this does not constitute double-counting. Also, based on my reading of the PSR as to your offense conduct, you would not be successful arguing for a minor role adjustment.

Sincerely,

John Kuchera

2

# Exhibit G

Devante Johnson # 2706136078
500 Hilbig Rd.
Conroe, Tx 77301

John Kuchera
210 N. 6th St.
Waco, Tx 76701

76701-131310

NORTH HOUSTON TX 773
03 MAY 2019 PM 8 L

THIS MAIL IS CORRESPONDENCE
FROM
JOE CORLEY DETENTION FACILITY AT THE

FOREVER

5-2-19

Dear Mr. John A. Kuchera,

    I would like to start by saying thank you
for responding to my letter I would like
and appreciate if you can take the time
too look over all of these issue's of
which I feel were miscalculated and overlooked
by my past ~~attorney~~ attorney's I will also have
my childs mother fax a case law to you that
I feel I should be able to acknowledge on
my behalf that I hope can be of good use
for you to use during this process please
look over all these things closely and give
me your opinion as to whether Im correct
or wrong thank you for your consideration
and I wanted to ask also if it was any
way or possibility that you could help me
with file the 2255 motion.

Sincerely

Devante Johnson

- Please review my PSR to determine my relevant Conduct pursuant to U.S.S.G 2D.1
- The record clearly reflect that I pled guilty to Count 10 & Count 11
- Those (2) counts consisted of a total of (30) grams of methamphetamine

- (30) grams of methamphetamine (actual) per the Drug Quantity Table is Offense level (26).

- However Count (15) consisted of (23) grams of methamphetamine (actual). The record clearly reflect That Count (15) was dismissed

- I ask That you review my PSR along with the record to determine if a error was made in regard to my relevant conduct. According to the records of Fact. My base level for (30) grams of methamphetamine (actual) for counts (10) and (11) should have reflected base level (26) which is (20) gr - (35) gr of Methamphetamines (actual).

- Including a (2) level enhancement for a Firearm and a (2) level enhancement for The presence of my child. That would increase my base level to (30) which a (3) level deduction for "AOR".

- My Final base level should have been (27) with a criminal History of (VI). The Guideline Range should be 130-162 per Count (10) and (11)

- My Issue with my criminal History Points
- The record clearly reflect that on April 12, 2011 i was convicted for:

(a) Evading Arrest w/ Vehicle, Cause No. 17993, in the 2nd Judicial District Court, Cherokee County, Texas

(b). Endangering a Child, Cause No. 17993, in the 2nd Judicial District Court, Cherokee County, Texas

(C). Tampering/Fabricating Physical Evidence w/ Intent to Impair, Cause No. 114-1490-12, in the 114th District Court, Smith County, Texas, on August 14, 2014

(d). Evading Arrest w/ Previous Conviction, Cause No. 19219, in the 2nd Judicial District Court, Cherokee County, Texas, on June 4, 2014

- Total Criminal History Points (12) plus (2) points for being on Parole during the instant offense bringing my total to (14) criminal History points.

- Please review (A) and (b) above regarding my criminal History. The record clearly reflect that (a) and (b) both have the same cause number and (a) and (b) both entered a conviction on the same date of April 12, 2011.

- The record clearly reflect that convictions (a) and (b) were ran concurrently with a sentence of (18) months State Jail.

- This is where the double counting occured. I recieved (6) points for criminal History. However, i should have only recieved (3) points for (a) and (b), since they were concurrent.

- Therefore my Criminal History points should have reflected

A
B  } > 3pts   Criminal Convictions

C  3pts         "      "        "
D  3pts         "      "        "
E  2pts  On Parole at time of OFFENSE

- This would bring my base OFFENSE level (27) and Criminal History (V).

- The U.SSG should reflect 120-150 months.

- Sir, my issue is why was the (23) grams of Methamphetamine from Count (15) that was clearly dismissed in open Court calculated with the (30) grams of methamphetamines in Count (10) and (11)

Such a calculation is clearly a miscalculation. I ask that you please review the records to see that what i say is true.

## Attorney at Law

John Kuchera                                          Telephone (254)754-3075
210 N. 6th St.                                        Fax (254)756-2193
Waco, TX 76701

May 7, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
Joe Corley Detention Facility
500 Hillbig
Conroe, Texas 77301

   Re: U.S.A. v. Johnson
      6:17-cr-00072 (4)
      Appeal No. 18-41111

Mr. Johnson,

  I am in receipt of your letter post-marked May 3rd.  You set forth your concern about a number of sentencing issues, including drug quantity, and criminal history points.  The problem we have is that in your plea agreement, you waived your right to appeal.  I've enclosed a copy of the relevant page from your plea agreement.

  Additionally, the government has filed a motion to dismiss the issues we have already raised, based on the waiver of appeal.  I've enclosed a copy.  I will be filing a response in opposition.

  Here's why I can't help you with a 2255 motion, should you to decide to file one.  The most commonly raised claim in a 2255 motion is ineffective assistance of counsel.  That of course could include me. That's why someone other than your trial counsel and appellate counsel needs to file the motion.

          Sincerely,


          John Kuchera

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

May 15, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
Joe Corley Detention Facility
500 Hillbig
Conroe, Texas 77301

      Re:   U.S.A. v. Johnson
             6:17-cr-00072 (4)
             Appeal No. 18-41111

Mr. Johnson,

      Enclosed is a copy of the response I have filed on your behalf in opposition to the government's motion to dismiss your appeal.

                      Sincerely,

                      John Kuchera

Devante Johnson # 2761308078
500 Hilbig Rd.
Conroe, Tx 77301

Attorney/Client

NORTH HOUSTON TX 77[...]
14 MAY 2019 PM 3 L

THIS LEGAL MAIL HAS
NOT BEEN INSPECTED

John A. Kuchera
Attorney at Law
210 N. 6th St.
Waco, Tx 76701

76701-131310

6:17-cr-00072(4)
Appeal No. 18-41111

May 14, 2019

Dear Mr. Kuchera,

Thank you for your response to my recent letter about my concerns & In regard to a few sentencing issues, including deug quantity, and criminal history points. You previously wrote me on April 9, 2019. In that letter you stated; "If there are specific issues that i believe need to be addressed, that i should let you know and you would consider them.

My previous letter to you Mr. Kuchera was my request in regard to my issues and concerns that i wanted to address on direct appeal. However, i mis-stated when i request of you to file a 2255 motion in my behalf. That request was clear error. I apologize I'm asking that this issue be directed on my direct appeal. We both know that my raising such a issues in a 2255 for the first time. The reviewing court will simply say that i should have raised my said claim on direct appeal.

Mr. Kuchera the record clearly reflect that trial counsel rendered me ineffective Be assistance at my sentencing hearing by not objecting to a clear and convincing error in my PSR report. That error Mr. Kuchera is clearly found in my PSR at paragraph 29 which states in part that my BOL of 30, which corresponds to 50-150 grams of methamphetamine (actual).

However, Mr. Kuchera this is very incorrect as a matter of Law. Paragraphs 10 and 11 gives a clear account of my

Relevant conduct in said conspiracy. A clear reading of said paragraphs clearly states that only (30) grams of actual methamphetamine was exchange in Counts 10 and 11. I pled guilty to Counts 10 and 11. My Base Offense Level should have been (26) which is 20-35 gram of methamphetamines (actual).

The Government Imposed 2 level enhancements in paragraphs 30 and 31 that i do not object too. Bringing my Adjusted Offense Level to (30). This is not a harmless Error committed by The Probation and Pretrial Services. This Error has clearly violated my 6th and 14th Amendment.

Mr. Kuchem i am in no way teying to be a burden to you. I am only bringing to your attention a clear and convincing Error in my record.

In furtherance of my concern; it will be the matter of my Criminal History Points. My points should be at 11pts total instead of 14 pts. Paragraph 45 is the criminal history That i'm saying is incorrect. I should only have Criminal History Points paragraphs 44, 46 and 47 which totals (9) criminal History Points plus (2) points for being on Parole during the instant offense. That's a total of (11) criminal History points; Category V.

My sentencing guidelines should be 120-150 months base on a base Level (30) with A AOR deduction of (3), Ending with a Base Level 27 Criminal History V. Guideline Range 120-150 months

I'm not making this up Sir. i wouldn't waste your time
with such. The record clearly reflect and i humbly ask
you to address these clear and convincing Errors that's cause
me harm in my day in court. Thank you for your attention
in this matter

Sincerely,

Devante Johnson

CC: File

3 OF 3

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

May 20, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
FCI Pollock
P.O. Box 4050
Pollock, LA 71467

>          Re:    U.S.A. v. Johnson
>                 6:17-cr-00072 (4)
>                 Appeal No. 18-41111

Mr. Johnson,

I am in receipt of your letter post-marked May 14th. You indicate there are three instances of ineffective assistance that should have been raised in your appellate brief. I will address each one.

You believe your trial counsel rendered ineffective assistance at sentencing by failing to object to drug quantity and your base offense level of 30. For starters, you stipulated to (that is, you agreed) in your plea agreement that your base offense level was 30. A stipulation is evidence all by itself. You also appear to be of the opinion that relevant conduct can only come from counts 10 and 11, the counts to which you pled guilty. Not so. Relevant conduct is in no way restricted by the counts you pled guilty to. I have included § 1B1.3 of the Sentencing Guidelines with the definitions highlighted (including the commentary).

You believe your trial counsel rendered ineffective assistance at sentencing by failing to object to the 2-level upward adjustments for possession of a firearm and distributing methamphetamine on premises where a minor was present. Again, you stipulated to the application of both of these adjustments in your plea agreement. Furthermore, in the factual basis you signed, it states: "During part of this drug transaction, I carried a firearm in my vehicle, which I displayed to the confidential informant. Also, during part of the transaction, my daughter, who is a minor, was present at the scene of the drug distribution." And when you were asked at your change of plea hearing whether these facts were true, you said they were.

You also appear to believe your trial counsel rendered ineffective assistance at sentencing by failing to object to the 3 criminal history points you were assessed in paragraph 45 of your PSR.

1

You don't explain why you shouldn't have been assessed these points. I'm guessing this is the double-counting argument I addressed in my April 22nd letter. You seemed to think that because you got concurrent sentences for the offenses described in paragraphs 44 and 45, you should not have been assessed criminal history points for both. Not so. So long as each act of offense conduct was separated by an intervening arrest, this does not constitute double-counting. According to the PSR, the offense conduct in paragraph 44 took place on July 26, 2010. The offense conduct in paragraph 45 took place on January 18, 2012.

In order to argue ineffective assistance, I have to be able to establish two things: (1) your trial counsel performed deficiently, and (2) you were harmed by his deficient performance. Nothing in the record as is presently exists demonstrates that your attorney at sentencing performed deficiently. By the time he was appointed, you had already stipulated to your base offense level and the enhancements. My opinion regarding the calculation of your criminal history points is that you are mistaken. I cannot make arguments for which there is no basis in the record. If you were deceived or lied to by your lawyer(s) to get you to make the above-referenced stipulations, that would be something to raise in a 2255. But as the record stands right now, there is no basis for me to make an ineffective assistance argument for the reasons you request.

Sincerely,

John Kuchera

Devante Johnson #27613078
USP Pollock
U.S. Penitentiary
P.O. Box 2099
Pollock, LA 71467

SHREVEPORT LA 710

07 JUN 2019 PM 2 L

John A. Kuchera
Attorney at Law
210 N. 6th St.
Waco, Texas 76701

6-6-19

Mr. John A. Kuchera,

I'm writing to ask and request a copy of my Sentencing Transcript, Docket Sheet, and Plea Agreement as well as my PSI please if you can Send these to me A.S.A.P. and thank you...

Sincerely
Devante Johnson

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

June 11, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
FCI Pollock
P.O. Box 4050
Pollock, LA 71467

> Re:   U.S.A. v. Johnson
>         6:17-cr-00072 (4)
>         Appeal No. 18-41111

Mr. Johnson,

I am in receipt of your letter post-marked June 7th.  I have enclosed everything you requested except for the PSR which I am not allowed to send to you.

Sincerely,

John Kuchera

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

June 17, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
FCI Pollock
P.O. Box 4050
Pollock, LA 71467

      Re:    U.S.A. v. Johnson
             6:17-cr-00072 (4)
             Appeal No. 18-41111

Mr. Johnson,

      I regret to inform you that the Fifth Circuit has granted the government's motion to dismiss (order enclosed).  You have a right to seek further review of your case by filing a petition for writ of certiorari with the United States Supreme Court.  These are seldom granted.  However, if you wish for me to file one on your behalf, please let me know as soon as possible.  It must be filed within 90 days of June 17, 2019.

                                    Sincerely,

                                      John Kuchera

Devante Johnson # 27613-078
USP Pollock
P.O. Box 2099
Pollock, LA 71467

SHREVEPORT LA 710

28 JUN 2019 PM 1 L



John A. Kuchera
Attorney at Law
210 N. 6th St.
Waco, Tx 76701
76701-3131

6-27-19

Mr. John Kuchera,

   I'm writing to see if you can also send me a copy of my change of plea transcript as well as my indictment as soon as possible please I will notify you befor my 90 day deadline whether to file the said document with the Supreme Court or not thank you.

Sincerely,
Devante Johnson

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

July 5, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
FCI Pollock
P.O. Box 4050
Pollock, LA 71467

      Re:    U.S.A. v. Johnson
              6:17-cr-00072 (4)
              Appeal No. 18-41111

Mr. Johnson,

       I am in receipt of your letter post-marked June 28th.  I have enclosed a copy of your change of plea hearing as you requested.  The indictment to which you pled is in the record excerpts which I sent you when I sent you your appellate brief.

                         Sincerely,

                         John Kuchera

Devante Johnson #27613078
USP Pollock
P.O. Box 2099
Pollock, LA 71467

SHREVEPORT LA 710

26 AUG 2019 PM 1 L

John A. Kuchera
Attorney at Law
210 N. 6th St.
Waco, Tx 76701
76701-131310



8-27-19

Im writing in response to your June 17,2019
letter I did want you to file the petition for
writ of certiorari but now my family is
having a legal firm that are good with
post-conviction case's help me that has
confirmed that you did not work on
my appeal issues as you should and
when you filed my brief you could have
filed a motion with the court explaining
to them that you could not find me
or where I was at the moment that
the deadline for the brief to be filed
was due you also failed to acknowledge
all the facts and wrong doings of my
case that are obvious and in plainview
because the legal firm has confirmed I
Should not have all this time and my
rights and due process was violated by
them making me Sign my plea agreement
while I was on Suicide watch plus the
other issues of my base offense being
enhanched you know the law better then
me but Im learning that you and all my
previous lawyers screwed me and just
didnt take pride in your job to help
me you could have filed a motion for
modification of Sentence Pursuant to Title
18 U.S.C. 3582(c)(2) and 1B1.10 of the
U.S. Sentencing Guidelines for the two-
level reduction for drug Case's that is

retroactive and has been since November 1, 2014.
Apply the applicable provisions of the guidelines as they
existed on the date of my sentencing for Possession
with intent to Distribute Methamphetamine in violation
of Count (10) Title 21 U.S.C. 841 (a)(1) based on
Subsection 2D1.1(c) of the guidelines which gave me a
unlawful base level. you didn't do anything that
you told my family you would do I just
want you to know that and God bless
you through your career as an attorney
as well as thank you for whatever work
you suppose you have done to help me
get justice in my case.

Sincerely
Devante Johnson

Devante Johnson #27613078
USP Pollock
P.O. Box 2099
Pollock, LA 71467

John A. Kuchera
Attorney at Law
210 N. 6th St.
Waco, Tx 76701
76701-131310

SHREVEPORT LA 710
10 SEP 2020 PM 3.



FOREVER / USA

8-8-19

I'm writing this letter asking that you go ahead and file the petition for writ of Certiorari. So it is documented for the record that I did use all resources and steps befor filing my 2241 and 2255 motions. I have a copy to confirm the date of this letter being written and mailed out which is befor my deadline date.

Thank you
Devante Johnson

#276I3078

## Attorney at Law

John Kuchera
210 N. 6th St.
Waco, TX 76701

Telephone (254)754-3075
Fax (254)756-2193

September 19, 2019

Mr. Devante Lee Johnson
Reg. No. 27613-078
FCI Pollock
P.O. Box 4050
Pollock, LA 71467

      Re:    U.S.A. v. Johnson
               6:17-cr-00072 (4)
               Appeal No. 18-41111

Mr. Johnson,

      I received your letter postmarked September 10, 2019 (wherein you request that I file a petition for writ of certiorari on your behalf) on September 13, 2019.  The deadline for filing this petition was September 15, 2019.  It is not possible to research and draft this sort of petition in two days.  Therefore, I have not filed one.

                           Sincerely,

                           John Kuchera