**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |  |
|---|---|---|
| **DEVANTE LEE JOHNSON** | § § § | |
| **Movant** | § § | |
| **v.** | § § § | **Case No. 6:20cv485-JDK-JDL** |
| **UNITED STATES OF AMERICA** | § § | **(Crim. No. 6:17cv72-4)** |
| **Respondent** | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Movant Devante Lee Johnson, proceeding *pro se*, filed the above-styled and numbered motion to vacate or correct sentence challenging the legality of his conviction. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. After the Government answered the motion, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied.

Movant filed objections to the Magistrate Judge's Report asserting that his attorney was an alcoholic and is currently incarcerated himself, and was likely not sober when he advised Movant. He also contends that at the guilty plea proceeding, he simply said what he was told to say and that if he did not, he would have to go to trial where he would receive a sentence of 40 to 50 years.

Although the Magistrate Judge determined Movant failed to show he was a minimal participant in the offense, Movant asserts he fully briefed this claim, as well as a child endangerment allegation, in his motion and his reply to the Government's response. He complains that the Court lacked a basis at trial to determine that a psychological exam was not warranted and that there were issues which could have been raised on appeal including whether his guilty plea was knowing and voluntary. Movant states that he adequately briefed his claim concerning Amendment 794 and that he is entitled to a certificate of appealability because it is clear from his pleadings that he was denied effective assistance of counsel and reasonable jurists could differ on the resolution of his claims. He maintains that he is entitled to an evidentiary hearing.

Movant was represented at his September 4, 2018 guilty plea by attorney Lance Larison. Court records show Larison was arrested in May of 2019 for driving while intoxicated and was subsequently sentenced to ten years in prison.  This unrelated event six months later does not show that Larison was not sober while advising Movant. This objection is without merit.

The Magistrate Judge correctly determined that solemn declarations in open court, such as Movant's testimony at the plea proceeding, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986) (requiring independent indicia of the likely merit of the petitioner's contentions; mere contradiction of the statements made at the guilty plea proceeding will not suffice). Although Movant states he was told he would receive a 40 to 50 year sentence if he went to trial, the Fifth Circuit has held that a plea is not involuntarily solely because a defendant pleads guilty in order to limit the possible penalty.  *Jones v. Estelle*, 584 F.2d 687, 690 (5th Cir. 1978); *Garner v. Scott*, 59 F.3d 1242 (5th Cir. 1995). In order to establish coercion under these circumstances, the petitioner must show that the fear of a greater penalty destroyed his ability to weigh rationally, with the aid of counsel, the advantages of proceeding to trial against those of pleading guilty.  *Jones*, 584 F.2d at 690.  Johnson has wholly failed to make such a showing. This objection is without merit.

The Magistrate Judge correctly determined that Movant failed to show he was a minimal participant or that counsel acted ineffectively in failing to make such an argument.  The pre-sentence investigation report accurately reflected Movant's conviction for child endangerment and Movant offers no factual basis upon which counsel could have objected, but only conclusions. These objections are without merit.

Movant's contention that the Court "is not an expert" and thus could not determine that he was capable of entering a plea is plainly without merit, particularly in light of the lack of evidence that Movant was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Nothing in the record suggests that a challenge to the validity of Movant's guilty plea would have been a non-frivolous ground for appeal.  The Magistrate Judge correctly determined that Movant did not have a viable claim under Amendment 794.  Movant has

not pointed to any issue upon which he made a substantial showing of the denial of a constitutional right or about which reasonable jurists could debate that the motion to vacate or correct sentence could have been resolved in a different manner. Movant's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Movant objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Movant's objections are without merit. It is accordingly

**ORDERED** that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled motion to vacate or correct sentence be **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **15th**  day of  **March, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3